Hogeboom, J.
[Dissolved the injunction, assigning the following reasons for so doing:]
I. The objection that the commissioners are not the proper agents of the board of supervisors to execute the power of building the bridge, and that this should be executed by town or village- authorities, I regard as unfounded.
1. The supervisors have the power, and may execute it in any way that satisfies their sound discretion.
2. No particular set of agents is required by the statute or by the general law.
3. The practice of doing it by commissioners is a very general one, and approved by usage of long standing.
4. I do not regard it as the usurpation of an office, but the execution of an agency.
*433 II. The objection that no road or highway was connected with the bridge at the time of its location, I regard as insufficient to retain the injunction.
1. The power is general, to locate and erect a bridge.
2. If invalid in its exercise unless connected with a road or highway, such road or highway is now laid out and being worked. This I think removes the objection, or at least makes the location of the bridge proper from that time, so that an injunction ought not to lie against it at present, or, if granted, ought to be removed when the defect is supplied.
III. The principal objection that the Catskill creek is navigable, ought not, I think, to operate to retain the injunction.
1. As a question of fact, I am inclined to think the Catskill creek not navigable at the locality of the new bridge, within the meaning of the statute.
2. It has never been put to use for purposes of navigation at that point, at least to any such extent as would be interfered with by this bridge.
3. The ebb and flow of the tide is not the only test of navigability. By “ navigable streams” the statute intends, I think, streams capable of use for navigation in some useful, substantial and practical way. I doubt whether this could ever be done here, on account of the shoals, rocks and rift’s in the stream.
4. The great improbability if not the absolute im possibility of ever devoting the stream at this point to purposes of practical navigation, seejns to me a reason for not interfering by injunction to prevent the construction of a bridge which the public authorities have, in the supposed exercise of a sound discretion, deemed it appropriate to undertake. If it turns out to be in fact a nuisance, the people may hereafter assert their right to abate it.
IY. With the question of wisdom or prudence in the selection of the site, or the best mode of obtaining a *434 free bridge, I have nothing to do. It is simply a question of power; and if .the commissioners have kept themselves within the terms of the law, I cannot control their action, even if I thought it injudicious. There is no charge of fraud.